IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **N.H. (MINOR)**<br>c/o Edward L. Gilbert Co., LPA<br>One Cascade Plaza, Suite 825<br>Akron, Ohio 44308<br><br>**TAMIKA HARRELL ("T.H.")**<br>Mother and Guardian of N.H.<br>c/o Edward L. Gilbert Co., LPA<br>One Cascade Plaza, Suite 825<br>Akron, Ohio 44308<br><br>        Plaintiffs,<br><br>v.<br><br>**DYLAN SOISSON**<br>(Official Capacity and Individual Capacity)<br>P.O. Box 888<br>1400 Main Street<br>Lakemore, Ohio 44250<br><br>and<br><br>**THE VILLAGE OF LAKEMORE**<br>P.O. Box 455<br>1400 Main Street<br>Lakemore, Ohio 44250<br><br>        Defendants. | CASE NO.:<br><br>JUDGE<br><br><br><br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Herein)** |

Now comes the Plaintiffs, N.H. (A Minor) and Tamika Harrell ("T.H."), by and through the undersigned counsel, and for their Complaint alleges as follows:

## INTRODUCTION

1. This is a Complaint for Constitutional violations and various torts.

2. This Complaint alleges excessive force and improper search and seizure of a minor, along with tort claims.

## **JURISDICTION AND VENUE**

3. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

4. Jurisdiction of this court is proper, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

5. This court has further jurisdiction over the state claims.

6. The amount in controversy, jurisdiction and parties are consistent with requirements of the statute.

## **PARTIES**

7. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

8. Plaintiff N.H. ("N.H.") is a minor (D.O.B. 1/1/2007). Plaintiff is an African-American residing in Akron, Ohio. Plaintiff is bringing this case as a minor, under her initials, to protect her identity.

9. Plaintiff T.H. ("T.H.") is the biological mother and guardian of N.H. As such, she has been required to comfort and assist her daughter due to the trauma sustained as a result of the Defendants' action.

10. Defendant Soisson ("Soisson") is a law enforcement officer and employee of the Village of Lakemore. Defendant is a sworn peace officer in the State of Ohio. During all relevant times, he was acting as a peace officer duly employed and supervised by the Village of Lakemore. Defendant Soisson is being sued in his individual and official capacities.

11. Defendant the Village of Lakemore ("Lakemore") is a political sub-division of the State of Ohio located adjacent to the City of Akron. As such, Lakemore has employees, a police department and establishes rules, regulations and procedures for said officers. Lakemore is charged with the responsibility of maintaining proper supervision, training and applying the rules, regulations and procedures required by the U.S. Constitution and State of Ohio.

## STATEMENT OF FACTS

12. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

13. Plaintiffs state that on or about June 5th, 2020, N.H. was given permission by her mother, T.H., to attend the Springfield Lake Roller Rink (located at 1220 Main St, Lakemore, Ohio 44250).

14. N.H., an African American minor, went to the rink with her white friend (approximately the same age as N.H.).

15. While at the skating rink. N.H. met up with her cousin, who is also African American, and they began to socialize as a group.

16. N.H. and her white friend excused themselves to go to the ladies' room.

17. Upon exiting the ladies' room, N.H. and her friend witnessed several girls fighting. Not wanting to get involved, N.H. and her friend went back into the ladies' room.

18. After the fighting had ceased, N.H. and her friend exited the ladies' room again.

19. Someone in the crowd pointed out N.H.'s cousin to Defendant Officer Soisson as being one of the individuals who were fighting.

20. It appears her cousin had left the skating rink and was no longer in the establishment.

21. Soisson approached N.H. and questioned if she was the cousin of the girl who was fighting.

22. N.H. acknowledged "yes", at which time, Soisson demanded that N.H. step outside of the roller-skating rink.

23. N.H., not aware of what was going on, asked if her white friend could exit with her and Soisson said "yes".

24. N.H. did step out of the building and into a "breezeway".

25. Soisson demanded that N.H. phone her cousin and have her return to the rink.

26. N.H. indicated that she did not have her phone. N.H. advised that the phone she had in her hand was her white friend's phone but that the battery had died.

27. In N.H.'s other hand, she had a vape. The vape was found in the ladies' room and N.H. indicated she was going to return it to one of the girls who was in the restroom.

28. Soisson demanded the vape and N.H. complied, handed over the vape, then turned around to re-enter the skating rink.

29. At that time, Soisson, without notice, violently grabbed N.H. from behind (by her arm and her waist) and forced N.H. out of the rink and through the outside area of the building.

30. Soisson then handcuffed N.H.

31. The handcuffs were extremely tight and caused bruises to N.H. and loss of circulation to her hands. N.H. was crying.

32. Soisson then opened up the back of his cruiser and forced N.H. into the backseat of the car.

33. N.H. was crying and yelling that it was very hot in the cruiser.

34. Later, Soisson then went to the front seat of his car and turned on the heat.

35. N.H. briefly passed out and lost consciousness.

36. Soisson refused to open the window to the police cruiser.

37. N.H.'s friend then called her mother.

38. After approximately 40 minutes, Soisson finally released N.H. to an adult.

39. N.H. suffered from swollen wrists, back pain and injuries to her left arm and left shoulder.

40. Lakemore completed an internal investigation and found that Soisson had violated policy and procedure. Further, he had no probable cause to arrest, detain or abusive N.H.

41. Soisson has a reputation of violating the policies and procedures of the Lakemore Police Department. Yet, Lakemore continues to employ Soisson.

42. Further, Lakemore did not discipline Soisson for his past violations and further did not discipline Soisson for his blatant actions against N.H.

43. T.H. states that she had to provide comfort and consultation to N.H. as a result of Soissons's actions.

44. Further, T.H. has lost the comfort and companionship of her daughter as a result of Soissons's actions.

## FIRST CAUSE OF ACTION
## (42 U.S.C. § 1983: EXCESSIVE FORCE)

45. Plaintiffs incorporate by reference the allegations set forth above as if fully rewritten herein.

46. The Plaintiffs state that Officer Soisson clearly used excessive force in violently grabbing N.H., from behind, pushing her out of the door, putting tight handcuffs on her and throwing her into the backseat of a police cruiser.

47. Further, turning up the heat in the vehicle and refusing to crack the window while N.H. was inside, putting N.H. in a dangerous position (knowing she had passed out). This was clear abuse toward the child and a clear violation of 42 U.S.C. § 1983.

48. Soisson, as a police officer, used his state authority to abuse N.H.

49. **WHEREFORE**, Plaintiffs request that this Court award Plaintiffs compensatory damages of $500,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, attorney fees, costs and any other legal or equitable relief as this Honorable Court deems fair and equitable.

## SECOND CAUSE OF ACTION
## (42 U.S.C. §§ 1983: UNLAWFUL SEIZURE)

50. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

51. Plaintiffs state that the actions of the Defendant Soisson in searching N.H., placing her in a cruiser (in effect, placing her "under arrest"), without charging N.H. with any wrongdoing, then wrongfully detaining N.H., is clearly a violation to the U.S. Constitution in that it was an unlawful search and seizure. N.H. had committed no crime.

52. **WHEREFORE**, Plaintiffs request that this Court award Plaintiffs compensatory damages of $250,000.00, punitive damages of $500,000.00, appropriate equitable relief, attorney fees, costs, and any other legal relief as this Court deems fair and equitable.

### THIRD CAUSE OF ACTION
### (14TH AMENDMENT: EQUAL PROTECTION)

53. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

54. Plaintiffs state that Defendant Soisson intentionally and willfully refused to arrest or detain any white children at the rink.

55. Plaintiffs state that the white patrons of the roller rink were behaving the same way as N.H.

56. Yet, Soisson never attempted to detain or arrest the white patrons, even though it was clear that they were assaulting him.

57. Plaintiffs state that Soisson made it clear that he would "man handle" the African American children, but would not in any way abuse or derail the white children. Therefore, Soisson was acting in clear violation of the 14th Amendment for Equal Protection.

58. Plaintiffs state that Soisson used his official capacity to "rough house" on an African American child, because of her race.

59. **WHEREFORE**, Plaintiffs request that this Court award Plaintiffs compensatory damages of $500,000.00, punitive damages of $500,000.00, appropriate equitable relief, attorney fees, costs, and any other relief as this Court deems fair and equitable.

## FOURTH CAUSE OF ACTION
## (42 U.S.C. §§ 1983: FAILURE TO PROPERLY TRAIN & SUPERVISE)

60. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

61. Plaintiffs state that the Village of Lakemore, through its police department, failed to properly train and enforce their policy and procedure for not disciplining Officer Soisson for his actions against N.H., T.H. and the general community.

62. The Plaintiffs state that the policy on detaining minors has not been clearly established.

63. Although Soisson has a history of violating policies and procedures, several of the policies and procedures are not clearly defined or enforced.

64. Thereby, the Plaintiffs state that the Village of Lakemore is liable for the actions of Soisson.

65. **WHEREFORE**, Plaintiffs request that this Court award Plaintiffs compensatory damages of $50,000.00, punitive damages of $25,000.00, attorney fees, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## FIFTH CAUSE OF ACTION
## (ASSAULT AND BATTERY)

66. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

67. Plaintiffs state that the action of Defendant Soisson in grabbing, abusing, handcuffing, throwing N.H. into a police cruiser and then further turning on the heat to cause her further significant injury is clearly an assault and battery, without privilege to do so.

68. **WHEREFORE**, Plaintiffs request that this Court award Plaintiffs compensatory damages of $150,000.00, punitive damages of $200,000.00, attorney fees, costs, and any other legal relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

69. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

70. Plaintiffs state that the action of Defendant Soisson was intended to cause N.H. pain, suffering and anguish and a lifetime of distrust towards the police.

71. Soisson knew, or should have known, that his actions of intentional emotional distress would result in permanent psychological trauma for the young, minor child.

72. Soisson's actions did cause permanent injury to N.H. and her family.

73. **WHEREFORE**, Plaintiffs requests that this Court award Plaintiffs compensatory damages of $50,000.00, punitive damages of $25,000.00, attorney fees, costs, and any other legal or equitable relief as this Honorable Court deems fair and equitable.

## SEVENTH CAUSE OF ACTION
### (LOSS OF CONSORTIUM)

74. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

75. T.H. states that as a result of Soisson's and the Village's actions, she has had to spend a significant amount of time comforting and counseling her daughter, N.H.

76. T.H. has lost the comfort of her child and has further had to take considerable time to assure N.H. that the actions of Soisson would be properly prosecuted.

77. However, N.H. continues to have nightmares and further mental health concerns as a result of the actions of Soisson.

78. **WHEREFORE**, Plaintiffs request that this Court award Plaintiffs compensatory damages of $100,000.00, punitive damages of $200,000.00, emotional pain, suffering, mental anguish, attorney fees, costs, and any other equitable relief as this Honorable Court deems as fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/  Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
egilbert@edwardlgilbert.com