# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| N.H., et al.,<br><br>       Plaintiffs,<br><br>vs.<br><br>DYLAN SOISSON, et al.,<br><br>       Defendants. | CASE NO. 5:21-cv-01034-JRA<br><br>JUDGE JOHN R. ADAMS |

### ANSWER OF DEFENDANTS VILLAGE OF LAKEMORE AND DYLAN SOISSON

Now come Defendants Village of Lakemore and Officer Dylan Soisson who, for their Answer, in response to each paragraph of the Complaint, state as follows:

1. Deny the allegations contained in Complaint ¶1.

2. Deny the allegations contained in Complaint ¶2.

3. Defendants incorporate Answer ¶¶ 1-2 inclusive as if fully rewritten herein in response to Complaint ¶3.

4. Admit that the Court has subject matter jurisdiction over federal claims under 28 U.S.C. § 1331, but deny the remaining allegations contained in Complaint ¶4.

5. Admit that the Court has supplemental jurisdiction over state law claims if the Court so chooses in the exercise of its' discretion.

6. Admit that the Court has subject matter jurisdiction as set forth in Answer ¶4, but

deny the remaining allegations contained in Complaint ¶6.

7. Defendants incorporate Answer ¶¶ 1-6 inclusive as if fully rewritten herein in response to Complaint ¶7.

8. Admit that Plaintiff N.H. is a minor who is African American, but deny the remaining allegations contained in Complaint ¶8 for want of knowledge.

9. Deny the allegations contained in Complaint ¶9.

10. Admit that Defendant Soisson ("Soisson") is a law enforcement officer, sworn peace officer in the State of Ohio, and Village of Lakemore employee who was/is supervised by the Village, but deny the remaining allegations contained in Complaint ¶10.

11. Admit the allegations contained in Complaint ¶11.

12. Defendants incorporate Answer ¶¶ 1-11 inclusive as if fully rewritten herein in response to Complaint ¶12.

13. Admit that Plaintiff N.H. was present at the Springfield Lake Roller Rink (located at 1220 Main St, Lakemore, Ohio 44250), on or about June 5, 2020, but deny the remaining allegations contained in Complaint ¶13.

14. Deny the allegations contained in Complaint ¶14.

15. Deny the allegations contained in Complaint ¶15.

16. Deny the allegations contained in Complaint ¶16.

17. Deny the allegations contained in Complaint ¶17.

18. Deny the allegations contained in Complaint ¶18.

19. Admit the allegations contained in Complaint ¶19.

20. Admit the allegations contained in Complaint ¶20.

21. Admit the allegations contained in Complaint ¶21.

22. Admit the allegations contained in Complaint ¶22.

23. Deny the allegations contained in Complaint ¶23.

24. Deny the allegations contained in Complaint ¶24.

25. Deny the allegations contained in Complaint ¶25.

26. Admit that Officer Soisson was advised by Plaintiff N.H. that the phone in her hand had a dead battery, but deny the remaining allegations contained in Complaint ¶26.

27. Admit that Plaintiff N.H. was unlawfully in possession of a vaporizer, which was in her hand in plain view, but deny the remaining allegations contained in Complaint ¶27.

28. Admit that Plaintiff N.H. handed the vaporizer to Officer Soisson, but deny the remaining allegations contained in Complaint ¶28.

29. deny the remaining allegations contained in Complaint ¶29.

30. Admit that Plaintiff N.H. was handcuffed, but deny the remaining allegations contained in Complaint ¶30.

31. Deny the allegations contained in Complaint ¶31.

32. Admit that Plaintiff N.H. was placed in the backseat of Officer Soisson's police cruiser, but deny the remaining allegations contained in Complaint ¶32.

33. Deny the allegations contained in Complaint ¶33.

34. Deny the allegations contained in Complaint ¶34.

35. Deny the allegations contained in Complaint ¶35.

36. Deny the allegations contained in Complaint ¶36.

37. Admit N.H.'s friend called her mother in an effort to have her pick both N.H. and

the friend up, but deny the remaining allegations contained in Complaint ¶37.

38. Admit that after Officer Soisson called Plaintiff Tamika Harrell, who indicated to Officer Soisson that she would come to pick up her daughter N.H., but then failed to do so, Officer Soisson eventually received permission from Plaintiff Tamika Harrell to release her daughter N.H. to the friend's mother but deny the remaining allegations contained in Complaint ¶38.

39. Deny the remaining allegations contained in Complaint ¶39.

40. Admit that a Village of Lakemore patrol officer conducted an investigation of the incident, but that upon investigation, the report was so full of inaccuracies that it was rejected by Village Council and the Mayor, and therefore, the remaining allegations contained in Complaint ¶40 are denied.

41. Admit that Officer Soisson remains employed, but deny the remaining allegations contained in Complaint ¶41.

42. Deny the remaining allegations contained in Complaint ¶42.

43. Deny the remaining allegations contained in Complaint ¶43.

44. Deny the remaining allegations contained in Complaint ¶44.

45. Defendants incorporate Answer ¶¶ 1-44 inclusive as if fully rewritten herein in response to Complaint ¶45.

46. Deny the remaining allegations contained in Complaint ¶46.

47. Deny the remaining allegations contained in Complaint ¶47.

48. Deny the remaining allegations contained in Complaint ¶48.

49. Complaint ¶49 does not state any factual allegations capable of admission or denial, but simply states a claim or demand for relief, but Defendants otherwise deny Plaintiffs'

entitlement to such relief.

50. Defendants incorporate Answer ¶¶ 1-49 inclusive as if fully rewritten herein in response to Complaint ¶50.

51. Deny the remaining allegations contained in Complaint ¶51.

52. Complaint ¶52 does not state any factual allegations capable of admission or denial, but simply states a claim or demand for relief, but Defendants otherwise deny Plaintiffs' entitlement to such relief.

53. Defendants incorporate Answer ¶¶ 1-52 inclusive as if fully rewritten herein in response to Complaint ¶53.

54. Deny the remaining allegations contained in Complaint ¶54.

55. Deny the remaining allegations contained in Complaint ¶55.

56. Deny the remaining allegations contained in Complaint ¶56.

57. Deny the remaining allegations contained in Complaint ¶57.

58. Deny the remaining allegations contained in Complaint ¶58.

59. Complaint ¶59 does not state any factual allegations capable of admission or denial, but simply states a claim or demand for relief, but Defendants otherwise deny Plaintiffs' entitlement to such relief.

60. Defendants incorporate Answer ¶¶ 1-59 inclusive as if fully rewritten herein in response to Complaint ¶60.

61. Deny the remaining allegations contained in Complaint ¶61.

62. Deny the remaining allegations contained in Complaint ¶62.

63. Deny the remaining allegations contained in Complaint ¶63.

64. Deny the remaining allegations contained in Complaint ¶64.

65. Complaint ¶65 does not state any factual allegations capable of admission or denial, but simply states a claim or demand for relief, but Defendants otherwise deny Plaintiffs' entitlement to such relief.

66. Defendants incorporate Answer ¶¶ 1-65 inclusive as if fully rewritten herein in response to Complaint ¶60.

67. Deny the remaining allegations contained in Complaint ¶67.

68. Complaint ¶68 does not state any factual allegations capable of admission or denial, but simply states a claim or demand for relief, but Defendants otherwise deny Plaintiffs' entitlement to such relief.

69. Defendants incorporate Answer ¶¶ 1-65 inclusive as if fully rewritten herein in response to Complaint ¶60.

70. Deny the remaining allegations contained in Complaint ¶70.

71. Deny the remaining allegations contained in Complaint ¶71.

72. Deny the remaining allegations contained in Complaint ¶72.

73. Complaint ¶73 does not state any factual allegations capable of admission or denial, but simply states a claim or demand for relief, but Defendants otherwise deny Plaintiffs' entitlement to such relief.

74. Defendants incorporate Answer ¶¶ 1-73 inclusive as if fully rewritten herein in response to Complaint ¶74.

75. Deny the remaining allegations contained in Complaint ¶75.

76. Deny the remaining allegations contained in Complaint ¶76.

77. Deny the remaining allegations contained in Complaint ¶77.

78. Complaint ¶78 does not state any factual allegations capable of admission or denial, but simply states a claim or demand for relief, but Defendants otherwise deny Plaintiffs' entitlement to such relief.

## AFFIRMATIVE DEFENSES

1. Defendant Soisson is entitled to qualified immunity and the Village otherwise asserts R.C. Chapter 2744 immunity regarding Plaintiffs' state law tort claims.

2. Defendant Soisson had probable cause to temporarily detain and/or arrest Plaintiff N.H. based upon her unlawful possession of the vaporizer device and was otherwise privileged to do so.

3. Defendant Soisson's limited use of force was reasonable under the circumstances.

4. Relative to Plaintiffs' equal protection claim, Plaintiff N.H.'s unlawful possession of the vaporizing device and attempt to leave after same was seized establishes that she was not similarly-situated to the other minors present who neither unlawfully possessed a vaporizing device nor attempted to leave after seizure of same.

5. Plaintiff was not deprived under color of any state law, statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the United States Constitution.

6. At all times material hereto, Defendant Soisson acted in good faith, without malice, and performed his duties in the reasonable belief that such actions were authorized by and in accordance with existing law and authority.

7. The Village's customs, practices, and policies were not the moving force behind any claimed violation of constitutional rights.

8. Plaintiff's attempt to leave after the seizure of the vaporizing device, which was not in her lawful possession, is the sole and proximate cause of her damages, if any.

9. Defendants assert intervening and superseding causation.

10. Certain of Plaintiff's claims may be barred by applicable statutes of limitation.

11. Plaintiff N.H. assumed the risk by her own conduct.

12. Plaintiffs do not have a claim for punitive damages against Defendant Village.

13. Plaintiff Tamika Harrell's loss of consortium claim cannot be predicated upon her daughter's claims under Section 1983.

Defendants reserve the right to amend their Answer, demands Judgment in their favor on Plaintiffs' Complaint and that the matter be dismissed with prejudice at Plaintiffs' costs.

> Respectfully submitted,
>
> O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA CO., L.P.A.
>
>  /s/ John D. Latchney
> JOHN D. LATCHNEY (0046539)
> 5455 Detroit Road
> Sheffield Village, Ohio 44054
> Telephone: (440) 930-4001
> Facsimile:  (440) 934-7205
> Email: jlatchney@omdplaw.com
>
> *Counsel for Defendants, Village of Lakemore and Officer Dylan Soisson*

**<u>Jury Demand</u>**

Now come Defendants who, pursuant to Fed. R. Civ. Proc. 38, hereby demand a trial by jury.

                          Respectfully submitted,

                          O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA CO., L.P.A.

                          */s/ John D. Latchney*
                          JOHN D. LATCHNEY (0046539)